UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MERITAGE DATA INC., | Civil Action No. 15-cv-03610-KPF |
| *Plaintiff,* | |
| v. | |
| MD INSIDER, INC., | **Supplemental Declaration of Mark Brosso** |
| *Defendant.* | |

Mark Brosso, pursuant to 28 U.S.C. § 1746, being of full age, hereby declare as follows:

1. I am the President of Plaintiff, Meritage Data Inc. ("Meritage").

2. I respectfully make this supplemental declaration of my own personal knowledge except as otherwise indicated and further in support of the motion of Meritage for Preliminary Injunctive Relief.

3. Contrary to Defendant MD Insider, Inc.'s ("MD Insider") assertions Meritage received all the necessary licenses and authorizations for use of data obtained from the Centers for Medicare and Medicaid Services ("CMS") including: (1) releasing the data to third-parties; (2) using the data to create a commercial tool; and (3) marketing the data to make a profit.

4. The CMS Data Use Agreement ("DUA") at issue is DUA No. 27340. This DUA became effective on September 26, 2014.

5. In order to be able to provide MD Insider, a third-party, with any of the data acquired from CMS, Meritage made the additional and required applications to

CMS. A true and correct copy of the update application for DUA No. 27340 is attached hereto as Exhibit A.

6. Specifically, the DUA application accurately represented that the purpose of the request was to conduct statistical analysis for public reporting, that the data would in fact be released to a third-party, that it would be used to create a commercial tool and that the data would be marketed to make a profit. See Exhibit A.

7. In order allow MD Insider to use the data and to received, Meritage updated DUA No. 27340 listing MD Insider at MD Insider's address in Santa Monica, California as a custodian and recipient of the CMS data. See Exhibit B attached hereto. Sharon Kavanagh remained as the CMS contact person.

8. Indeed, the only reasons MD Insider was listed as a custodian was because it was necessary in order for MD Insider to be a recipient of the data.

9. Thereafter, DUA No. 27340 was amended by way of Attachment B which expressly states in Section A-1 that "Users may disseminate research findings on providers or suppliers (including individual physicians) using **original** or derived information the files specified in Section 5 of the DUA." A true and correct copy of Attachment B is attached hereto as Exhibit C (emphasis added).

10. Attachment B further states, "Nothing in the DUA . . . prohibits Users from discussing or reporting on specific providers or suppliers (including individual physicians) in a manner consistent with A-1." See Exhibit C.

11. Further, the claim set forth in Kingshuck Chatterjee's declaration in opposition to Meritage's injunction application that MD Insider did not request or receive any "Additional Licensed Data" is contradicted by email communications.

12. In a series of emails between January 12, 2015 and February 5, 2015, Mr. Chatterjee expressly requested additional data from Meritage and Meritage in fact agreed to provide it. True and correct copies of emails dated January 12, 2015, January 13, 2015, and February 5, 2015 emails are attached hereto as Exhibit D.

13. Any claim that MD Insider had no knowledge of the relationship between its employee David and Brosso and Mark Brosso of Meritage or that it had lacks knowledge as to any agreements reached by David Brosso or Mark Brosso is further contradicted by the communications between the parties. On March 11, 2015 David Brosso sent an email to MD Insider's Chief Executive Officer David Norris and Chief Financial Officer Jordan Possell related to a due diligence teleconference where MD Insider will request answers to the following questions: (1) What is the structure of Meritage? (2) What is the ownership of Meritage? (3) Is the data licensed to MDI covered under a valid data use agreement? and (4) does the data use agreement allow Meritage to license data to other entities? A true and correct copy of the March 11, 2015 email referencing a due diligence inquiry related to Meritage is attached hereto as Exhibit E.

14. On March 20, 2015, CEO David Norris wrote to Mark Brosso of Meritage via email stating, "Hi Mark, … I have been getting updates from the team and would enjoy chatting." See Exhibit F.

15. Thereafter, on March 25, 2015, David Norris, CEO of MD Insider, sent an email to Mark Brosso of Meritage attaching a First Amendment to the Data Licensing Agreement between MD Insider and Meritage as well as a personal guaranty to be signed

3

by Mark Brosso. True and correct copies of the March 25, 2015 email from Mr. Norris to Mark Brosso along with the attachments are attached hereto as Exhibit G.

16. According to MD Insider the personal guaranty was necessary because Meritage was a small company and MD Insider wanted to insure Meritage could meet its obligations in connection with the provision of the data. Meritage did not sign the first Amendment or the Guaranty.

17. On March 27, 2015, two days after MD Insider's CFO proposed an Amendment and Guaranty to the Data Use Agreement between Meritage and MD Insider, Kevin Sadler, Esquire, counsel for MD Insider wrote to Frank Lauletta, Esquire, counsel for Meritage, and for the first time claimed that Meritage was not able to grant licenses for use of CMS data and MD Insider was unaware of the relationship between Mark and David Brosso. A true and correct copy of the March 27, 2015 letter is attached hereto as Exhibit H.

18. Finally, any delay in Meritage's decision to seek injunctive relief was based solely on MD Insider's purported desire to amicably resolve the issues between the parties without resort to litigation. Meritage expended over $5,000 in legal fees solely in efforts to resolve the current dispute prior to resorting to litigation.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

_____
MARK BROSSO

Dated: August 25, 2015